68460. WATTS et al. v. LIPPITT.

BANKE, Presiding Judge.

This is an appeal from a summary judgment for the defendant physician in a medical malpractice action.

The plaintiffs are Bobby Watts and his wife, Crystal. Bobby Watts sustained an injury to his back as the result of a motor vehicle collision with Gregory Durden on December 1, 1977. This injury was allegedly aggravated by Dr. Lippitt on January 27, 1978, during the course of surgical treatment. The injury was allegedly aggravated yet again on February 28, 1978, when Mr. Watts slipped on a banana peel in a grocery store.

Mr. and Mrs. Watts subsequently asserted personal injury claims against both Durden and the grocery store. The claim against the grocery store was settled on April 26, 1978, for $1,800; and the claim against Durden was settled on January 25, 1979, for $33,000. On the latter occasion, the plaintiffs executed a general release to Durden ". . . and all other persons, firms or corporations liable or who might be claimed to be liable . . . on account of all injuries, known and unknown . . . which have resulted or may in the future develop" as a result of the motor vehicle collision.

On March 30, 1979, some two months after executing the Durden release, the plaintiffs instituted the present action against Dr. Lippitt in DeKalb County. Subsequently, on December 8, 1980, they filed a

complaint in equity in Clayton County for the specific purpose of modifying the Durden release so as to exclude from its scope any medical malpractice claim they might have against Dr. Lippett. However, Dr. Lippitt was not made a party to the Clayton County action, nor was he provided with notice of it. That action terminated adversely to the plaintiffs on May 19, 1981, with the grant of summary judgment to Durden and his insurer. No appeal was taken from that judgment.

When Dr. Lippitt subsequently learned of the Clayton County action, he amended his defensive pleadings in the present case to assert the Durden release as a defense; and he moved for summary judgment based on the prior adjudication by the Clayton County court as to the scope of the release. The trial court granted the motion, while denying a motion for summary judgment filed by the plaintiffs. This appeal followed. *Held*:

The trial court was correct in concluding that the Clayton County judgment was conclusive and binding upon the plaintiffs, even though, strictly speaking, Dr. Lippitt was not in privity with the defendants in that action. The modern trend in applying the doctrines of res judicata and collateral estoppel is to confine the privity requirement to the party against whom the plea is asserted, so as to permit one who is not a party to the judgment to assert the judgment against a party who is bound by it, and thus to preclude relitigation by that party of issues which have been determined adversely to him in the prior action, even though if the issue had been decided in his favor in the prior action, he would not have been entitled to assert the prior adjudication in a subsequent action against a stranger to the judgment. 46 AmJur2d 675-676, Judgments, §§ 522, 523. The central question in determining whether the doctrines of res judicata and collateral estoppel apply is whether the party against whom the plea is raised has had a full opportunity to litigate the issue in question. Accord Poster Exchange, Inc. v. Nat. Screen Service Corp., 517 F2d 117, 122-123 (5th Cir. 1975). In this connection, we note that although the plaintiffs in the present case initiated the Clayton County action for the precise purpose of obtaining an adjudication that the Durden release did not apply to Dr. Lippitt, they chose not to name him as a party defendant in that litigation, or to even provide him with notice of it. Under the circumstances, it is clear that the plaintiffs have had a full and complete opportunity to litigate the applicability of the release to Dr. Lippett, and we consequently hold that the trial court did not err in granting his motion for summary judgment in the present case. Compare *Gilmer v. Porterfield*, 233 Ga. 671 (212 SE2d 842) (1975) (prior adjudication against plaintiff in a suit to recover against master for the alleged negligence of servant held no bar to subsequent action against servant although judgment against plaintiff in suit

against servant would have constituted bar to suit against master). It necessarily follows that the plaintiff's motion for summary judgment was properly denied.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 27, 1984 —
REHEARING DENIED JULY 11, 1984 —

*Kyle Yancey,* for appellants.
*Robert G. Tanner, K. Marc Barre, Jr.,* for appellee.