43550. ARTHUR ANDERSEN & COMPANY v. WILSON.
(353 SE2d 466)

SMITH, Justice.

The Superior Court of Fayette County denied the motion for summary judgment filed by the petitioner, Arthur Andersen & Co. After granting Andersen's application for interlocutory review, the Court of Appeals dismissed that application as improvidently granted. We granted Andersen's petition for writ of certiorari to consider whether Andersen is entitled to judicial immunity as a matter of law in this case. We find that Andersen is not entitled to judicial immunity, and we accordingly affirm.

Gene Wilson and Malcolm Gilliland signed a buy-sell agreement by which Gilliland would, upon notification, purchase the stock that Wilson owned in Malcolm T. Gilliland, Inc., at the value of the stock at the time of notification. When Wilson notified Gilliland of his intent to exercise his right to sell in June 1980, the parties disagreed as to the proper value of the stock, and the disagreement grew into a lawsuit. The trial court ultimately appointed Haynes Clement, a partner in Arthur Andersen, to be a special auditor, pursuant to OCGA § 9-7-1 et seq., for the purpose of determining the proper value of the stock.

Following a two and a half year audit, Clement returned his report on the value of the stock in June 1980. He concluded that the stock was worthless on the date that the buy-sell agreement went into effect. Wilson now contends that Clement, Gilliland, and Arthur Andersen conspired to defraud him of the true value of the stock. Arthur Andersen asserts that it is entitled to judicial immunity as a matter of law.

In determining the validity of a party's claim of judicial immunity, a court looks not to functions actually performed by that party, but to the functions that the law entitles the party to perform. *South View Cemetery Assn. v. Hailey,* 199 Ga. 478 (4) (a) (34 SE2d 863) (1945). Here, Clement has clearly been named auditor by the trial court pursuant to OCGA § 9-7-1 et seq., and the parties agree that he is accordingly cloaked in judicial immunity.

Since Andersen claims immunity under the order that gave

Clement immunity, we must determine whether the court's order sufficiently endows Andersen with judicial powers under OCGA § 9-7-6 to cloak Andersen in immunity. In other words, OCGA § 9-7-6 and the order here accomplish the often difficult task of defining the scope of judicial function which the defendant claims the right to perform. The question remains whether Andersen's powers fit within that definition.

OCGA § 9-7-6 empowers the auditor, here Clement, "to hear motions, allow amendments, pass upon all questions of law and fact . . . , subpoena and swear witnesses and compel the production of papers," unless the trial court's order of appointment modifies those powers. The court order appointed Clement "auditor under . . . the Georgia Code," and subsequently "authorized and directed [the auditor] to employ Arthur Andersen & Co., Certified Public Accountants, to perform an examination of the books, records, and accounts of Malcolm T. Gilliland, Inc. in accordance with generally accepted auditing standards . . . for the purpose of determining the value of the Plaintiff's stock under Paragraphs 1 and 3 of the Buy-Sell Agreement between the parties."[1]

From the foregoing, it appears that Andersen was empowered to make a factual determination for submission to the court-appointed auditor for submission to the court. While Andersen's determination lies within "the scope of the audit" and could, ultimately, resolve the major issue underlying this case, that determination is subject to the approval of the auditor and the court. Under the trial court's order and OCGA § 9-7-6, Clement possesses the legal responsibility for making the official report to the trial court. Clement, not Andersen, therefore possesses the duty and the authority to "pass upon" the question of stock valuation for the purposes of OCGA § 9-7-6.

Since, in addition, Andersen does not possess the power to subpoena and swear witnesses, to compel the production of documents, to pass upon questions of law, to hear motions, or to allow amendments, we conclude, for the purposes of Andersen's motion for summary judgment, that Andersen is not empowered to perform a judicial

---

[1] The court's order also contained the following language:

"The scope of the audit shall include such investigation, verification and valuation of inventory as shall enable the auditor to determine the value of such inventory at cost or market, whichever is lower, arrived at in accordance with generally accepted accounting principles.

"The scope of the audit shall include an examination of the books, records and accounts of such prior years as may be necessary to determine the book value of the corporation as of June 30, 1980, in accordance with generally accepted accounting principles as the term "book value" is defined in Paragraph 3 of the agreement.

"All parties are ordered to cooperate with the auditor in furnishing all such information and records as the auditor shall request from them, but each party is ordered and directed to refrain from attempting to influence the judgment and conclusions of the auditor."

function under the terms of the trial court's agreement or OCGA § 9-7-6.

*Judgment affirmed. All the Justices concur, except Marshall, C. J., and Bell, J., who dissent.*

DECIDED MARCH 3, 1987 —
RECONSIDERATION DENIED APRIL 1, 1987.

*King & Spalding, Byron Attridge, Joseph B. Haynes, L. Joseph Loveland,* for appellant.

*Smalley, Cogburn & Flynt, Robert H. Smalley, Jr., John M. Cogburn, Jr., Beck, Owen & Murray, James R. Fortune, Jr.,* for appellee.