A89A0529. WEAVER v. ABC BUS, INC.
(382 SE2d 380)

Sognier, Judge.

Gregory M. Weaver brought suit against ABC Bus, Inc., alleging that he was damaged when he was fraudulently induced to enter into an agreement for the lease of a used bus. The trial court granted summary judgment in favor of ABC, and Weaver appeals.

1. Appellant contends the trial court erred by granting summary judgment in favor of appellee because issues of fact remain regarding whether appellant properly rescinded the transaction and if so, whether appellant acted promptly after discovery of the fraud. We do not agree. The record reveals that appellant executed a contract for the lease of a bus from appellee for six months, with an option to purchase. The inceptive fraud alleged by appellant consisted of assurances given appellant by Dan Birnstihl, appellee's agent, that appellee was going to repair all defects on the bus and that the bus would be in good shape when delivered. Appellant discovered upon delivery of the bus that mechanical problems existed, but nevertheless made an installment payment on the contract, negotiated with appellee to delay making another installment payment until the end of the term rather than at the beginning as called for by the contract, and sought to have appellee repair the bus, rather than seeking to rescind the transaction. Appellant testified at deposition that he believed Birnstihl was sincere when he made the representations, and that Birnstihl's subsequent efforts to repair the bus showed good faith. Appellant also testified that he never wanted to return the bus or get his money back. Appellant testified, rather, that he wanted to abide by the contract, and that he had read and understood the terms of the contract, which provided that he was leasing the bus in an "as is" condition, and that appellee had no duty under the contract to repair the bus.

It is thus clear that appellant did not seek to rescind but rather affirmed the contract. "After the discovery of the fraud, [appellant] should not have treated the contract as a valid one and procured favors from the other party with respect thereto, without [his] conduct being construed as an acquiescence in the contract as made with the fraud in it. By [his] conduct in thus dealing with the opposite party [he] recognized the contract as one that was valid and enforceable against [him] in its entirety. By making [a payment] and [seeking to delay his payments] longer than was stipulated in the original contract, [and by seeking to have appellee repair the bus, appellant]

made an admission that the contract was valid which is inconsistent with [his] statements that it was tainted with fraud." *Tuttle v. Stovall*, 134 Ga. 325, 332 (67 SE 806) (1910). See also *Edwards v. Robinson-Humphrey Co.*, 164 Ga. App. 876, 878-879 (2) (298 SE2d 600) (1982).

Having affirmed the contract, appellant is bound by its provisions, and the contract itself clearly provides that "[appellee] makes no warranty, representation, or guaranty, express or implied, written or oral, of mechanical condition or fitness of purpose whatsoever," and further provides that the written contract and attachments "[constitute] the entire agreement between the parties, and cannot be amended or altered in any manner except in writing signed by both parties." " '(W)here the purchaser affirms a contract which contains a merger or disclaimer provision and retains the purchased articles, he is estopped from asserting that he relied upon the seller's misrepresentation and his action for fraud must fail. (Cits.)' [Cits.]" *Roth v. Bill Heard Chevrolet*, 166 Ga. App. 583-584 (305 SE2d 31) (1983). Accordingly, appellant is estopped from pursuing his claim for fraud, and the trial court did not err by granting appellee's motion for summary judgment. Id.

2. Appellant also alleges that the motion for summary judgment was improper because issues remain pending below regarding appellee's alleged breach of contract. However, we find no allegations of breach of contract raised in appellant's complaint, which is founded entirely on fraud. Nor may any claim for breach of contract reasonably be inferred from appellant's pleadings or the evidence, inasmuch as the contract specifically disclaims representations such as the ones appellant now asserts were breached. "[A]ssertions of fact contained in the briefs of the parties do not, standing alone, constitute competent evidence for the resolution of a summary judgment issue. [Cits.]" *Esco v. Jackson*, 185 Ga. App. 901, 902 (366 SE2d 309) (1988).

Moreover, appellant did not raise this issue below in response to appellee's motion for summary judgment, and it is axiomatic that "[a] ground urged for the first time on appeal will not be considered. [Cit.]" *Hinkley v. Bldg. Material Merchants &c.*, 187 Ga. App. 345, 346 (370 SE2d 201) (1988). Accordingly, this enumeration is without merit.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 10, 1989 —
REHEARING DENIED MAY 22, 1989 —

*Walter W. Furlong*, for appellant.

*Murray Z. Kahn*, for appellee.