A90A1835. WILSON v. MALCOLM T. GILLILAND, INC. et al.
(402 SE2d 291)

BANKE, Presiding Judge.

In 1980, the appellant, Gene L. Wilson, filed an action in equity against Malcolm T. Gilliland and Malcolm T. Gilliland, Inc. (hereafter referred to as "the company"), seeking an accounting to determine the book value of certain stock in the company which Gilliland was obligated to purchase from Wilson pursuant to a buy-sell agreement. At the request of the parties, Hayes Clement of the accounting firm Arthur Andersen & Co. was appointed as a statutory auditor to conduct an audit of the company to determine the book value of the stock. Employing the resources of Arthur Andersen & Co., as he was authorized and directed to do by the order appointing him, Clement completed the audit and submitted a report some two-and-a-half

years later in which he concluded that the book value of the stock at the time the appellant had exercised his rights under the buy-sell agreement was zero, with the result that the appellant was not entitled to any monetary recovery under that agreement. The appellant filed exceptions to this report and also amended his complaint to assert an action for damages against Arthur Andersen & Co., Mr. Gilliland, and Gilbert D. Bennett (the in-house accountant for the company), based on allegations that they had fraudulently conspired to procure the issuance of a false report by the auditor, thereby tortiously interfering with his rights under the buy-sell agreement. In a previous appeal, the Supreme Court rejected a contention by Arthur Andersen & Co. that it was entitled to judicial immunity against this claim by virtue of the trial court's order authorizing and directing the auditor to employ its services in performing the audit. *Arthur Andersen & Co. v. Wilson*, 256 Ga. 849 (353 SE2d 466) (1987).

On March 17, 1989, the trial court issued an order rejecting the appellant's exceptions to the auditor's report and adopting the report as the order of the court, thereby judicially establishing that the appellant was not entitled to any recovery under the buy-sell agreement. Subsequently, on September 7, 1989, the trial court issued an order pursuant to OCGA § 9-11-54 making the March 17 order the final judgment of the court on Count I of the complaint. The appellant thereafter applied to the Supreme Court of Georgia for a discretionary appeal from that judgment, but the application was denied.

The present appeal is from an order entered on March 15, 1990, granting summary judgment to the defendant-appellees on the tortious interference claim asserted in Count II of the complaint. In that order, the trial court stated that it had carefully reviewed the entire record in the case before rendering its order of March 17, 1989, and, based on that review, had found "that the evidence in the record supported the auditor's report; that there was no evidence in the record that the auditor's report was tainted by, or the product of, any fraud; and that none of [the appellant's] arguments and contentions had any merit." The court additionally noted that in a subsequently filed motion seeking to modify and reverse the order of March 17, 1989, the appellant had renewed his contentions that the auditor's report should be set aside and vacated based on the alleged fraudulent conduct of the defendants; and the court stated that in entering its order of September 7, 1989 (making the March 17 order the final judgment of the court with respect to Count I of the complaint) it had again denied those contentions on the merits. Based on a determination that "the fraudulent conduct alleged to be the basis for [the appellant's] Count II claim against the defendants [was] the same conduct" which had formed the basis for his attack on the auditor's report, the court accordingly concluded that "the final judgment of the court on

Count I constitutes collateral estoppel as to the . . . claims asserted by [the appellant] in Count II." In this appeal from that ruling, the appellant asserts 42 separate enumerations of error. *Held*:

1. We are unable to address separately the merits of each of the appellant's 42 enumerations of error due to certain deficiencies in his brief. First, he has not complied with Rule 15 (c) (1) of this court, which requires that "[t]he sequence of argument or arguments in the briefs shall follow generally the order of the enumeration of errors, and shall be numbered correspondingly," an omission he candidly acknowledges with the following statement: "Because their length forbids a separate argument of each of the 42 enumerations, appellant asks the court to consider that all enumerations to which a given argument applies are being dealt with whether specifically cited each time or not. Appellant specifically states that the entire argument is addressed to enumerations of error 1 through 5." The appellant has similarly disregarded the requirement, imposed by Rule 15 (c) (3) (i), that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript or both," an omission which this court finds to be particularly significant in light of the fact that the record on appeal, including depositions, is some 5,000 pages long. We additionally note that the appellant has omitted to include in his brief "a succinct and accurate statement of such pleadings, facts, and issues of law as are made in the appeal," as required by Court of Appeals Rule 15 (a) (1), with the result that we have had to rely on the briefs filed by the appellees and the orders entered by the trial court for an overview of the case. (While the appellant's brief does contain a three-page "statement of facts" setting forth the procedural history of the case, it does not reveal the nature of the factual allegations underlying the appellant's claims but rather appears to assume a preexisting familiarity on the part of the court with the events on which the litigation is predicated.)

2. The trial court correctly ruled that a recovery on Count II of the complaint was precluded by the judgment rendered on Count I, even as to the two additional defendants named in Count II who were not named in Count I. "The modern trend in applying the doctrines of res judicata and collateral estoppel is to confine the privity requirement to the party against whom the plea is asserted, so as to permit one who is not a party to the judgment to assert the judgment against a party who is bound by it, and thus to preclude relitigation by that party of issues which have been determined adversely to him in the prior action, even though if the issue had been decided in his favor in the prior action, he would not have been entitled to assert the prior adjudication in a subsequent action against a stranger to the judgment. [Cit.] The central question in determining whether the doctrines of res judicata and collateral estoppel apply is whether the

party against whom the plea is raised has had a full opportunity to litigate the issue in question." *Watts v. Lippitt*, 171 Ga. App. 578, 579 (320 SE2d 581) (1984). Accord *Winters v. Pund*, 179 Ga. App. 349, 352-3 (346 SE2d 124) (1986).

The doctrine of collateral estoppel "bars parties or their privies from relitigating issues which they have actually had adjudicated at a prior time, even though the adjudication may have taken place in a cause of action, or in litigation of a claim, different from the one at bar. [Cit.]" *Jebco Ventures v. City of Smyrna*, 259 Ga. 599, 601 (385 SE2d 397) (1989). In adopting the auditor's findings and entering judgment against the appellant on Count I of the complaint, the trial court specifically rejected the appellant's allegations of fraud; and that judgment became final upon the Supreme Court's denial of the appellant's application for a discretionary appeal therefrom. See *McLemore v. Stephenson*, 181 Ga. App. 828 (354 SE2d 17) (1987). Since a recovery by the appellant on Count II, alleging a fraudulent conspiracy among the appellees to procure the issuance of a false report by the auditor, would be inconsistent with the judgment entered on Count I, the trial court did not err in concluding as a matter of law that the claim asserted in Count II was barred by the doctrine of collateral estoppel.

3. Under the circumstances, the award of summary judgment to the appellees on Count II was similarly mandated by OCGA § 9-11-60 (h), which, while otherwise abolishing the "law of the case" rule, provides that "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be."

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 31, 1991 —
REHEARING DENIED FEBRUARY 19, 1991 —

*Smalley & Cogburn, Robert H. Smalley, Gambrell, Clarke, Anderson & Stolz, Irwin W. Stolz, Jr.*, for appellant.

*King & Spalding, Joseph B. Haynes, James N. Gorsline, Beck, Owen & Murray, James R. Fortune, Jr.*, for appellees.

Gilbert D. Bennett, *pro se*.