A91A1472, A91A1572. RICE v. CROPSEY (two cases).
(416 SE2d 786)

Judge Arnold Shulman.

Acting in her capacity as guardian of the person and property of her aunt, Mary Ivey King Hollis, the appellant, Barbara Rice, brought suit against the appellee, Sandra Jones Cropsey, seeking to recover damages for various acts of misconduct allegedly committed by Cropsey both in her dealings with the appellant's aunt and in connection with her discharge of her duties as executrix of the estate of the aunt's deceased daughter, the aunt being the latter's sole heir. The appellant also sought an injunction against the appellee to prevent her "from creating discord between [the appellant] and her ward."

The appellee denied the allegations of the complaint and counterclaimed for damages for abusive litigation. The case was tried before a jury, which returned a verdict in favor of the appellee on both claims, awarding her attorney fees in the amount of $15,000 and punitive damages in the amount of $125,000, with the stipulation that these sums were to be "paid per [the appellant] individually." The trial judge entered judgment accordingly, following which the appellant, acting in her representative capacity as her aunt's guardian, filed a motion for new trial. Acting in her individual capacity, she also filed a motion to set aside the judgment, contending that the court lacked jurisdiction over her in her individual capacity because she had not initiated the litigation in that capacity and had never been added as a party in that capacity. The trial court entered an order denying both motions. Acting in her representative capacity, the appellant then filed an appeal to the Supreme Court from the denial of the motion for new trial; and, acting in her individual capacity, she applied to this court for discretionary review of the denial of her motion to set aside. We granted the application for discretionary appeal, and the Supreme Court transferred to us the appeal from the denial of the

motion for new trial.

1. Although the appellee did not specifically state in her abusive litigation counterclaim that she was seeking to hold the appellant personally liable on that claim, it was obvious that she was seeking to do so, inasmuch as the counterclaim was based on the appellant's own tortious conduct and therefore could not have resulted in a judgment against her ward's estate. Cf. *Hundley v. Pendleton*, 9 Ga. App. 268 (70 SE 1115) (1911) (holding that, "[a]s a general rule, the estate of a decedent is not liable for tortious acts of an administrator or executor, committed in the course of the administration of the estate.") Furthermore, the pretrial order which was entered in the case specified that the counterclaim was being pursued against the appellant in her individual capacity; and, as noted by the trial court, the appellant "raised no issue of non-joinder and did not object in the pretrial order to the prayer for relief against [her] individually."

" 'A pretrial order ". . . when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." OCGA § 9-11-16 (b). " 'If a claim or issue is omitted from the order, it is waived.' " [Cit.]' [Cit.]" *Long v. Marion*, 257 Ga. 431, 433 (360 SE2d 255) (1987). While the appellant complains that she had a constitutional right to service of process in her individual capacity, she was obviously no stranger to the action, having initiated it; and merely changing the capacity in which a party is involved in a lawsuit does not necessarily equate to adding a new party. It has been held, for example, that "[a] suit against one described as X, administratrix of the estate of Y, deceased, is a suit against X individually, [cit.] the additional words being merely *descriptio personae*." *Horn v. Wright*, 157 Ga. App. 408, 409 (278 SE2d 66) (1981).

The defenses of lack of personal jurisdiction, insufficient service of process, and improper venue may all be waived by failure to assert them in a responsive pleading. See OCGA § 9-11-12 (b). It follows that they may also be waived if they are omitted, without objection, from the pre-trial order. See *Long v. Marion*, supra; *Georgia Power Co. v. O'Bryant*, 169 Ga. App. 491 (313 SE2d 709) (1984). Under the circumstances, we hold that the trial court did not err in entering judgment against the appellant in her personal capacity for the abusive litigation damages.

2. The award of punitive damages must, however, be reversed. The appellant filed her complaint in December of 1988, and the appellee filed her answer and counterclaim in February of 1989. Thus, the counterclaim was governed by *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986), rather than by OCGA § 51-7-80 et seq., which took effect on April 3, 1989. See OCGA § 51-7-85. In an abusive litigation claim governed by *Yost v. Torok*, "[p]unitive damages are . . . excluded, as the tort itself is designed as a deterrent." Id. at 95, fn. 3.

The judgment of the trial court is accordingly reversed with direction that judgment be entered against the appellant only for that portion of the jury's award which did not constitute punitive damages, i.e., $15,000.

3. The contentions advanced by the appellant in the appeal which she filed in her representative capacity from the denial of her motion for new trial are extremely difficult to decipher, inasmuch as this appeal consists of 50 separate enumerations of error which have been grouped together in seemingly haphazard fashion for the purpose of argument. Such a practice is, of course, violative of Rule 15 (c) (1) of this court, which requires that "[t]he sequence of argument or arguments . . . shall follow generally the order of the enumerations of errors, and shall be numbered correspondingly." Moreover, the argument presented in support of these enumerations of error often consists merely of one or more legal citations followed by a conclusory statement to the effect that the alleged errors were harmful, with no explanation as to why they were harmful or why the rulings at issue constituted an abuse of discretion by the trial court. Furthermore, as was the case in *Wilson v. Malcolm T. Gilliland, Inc.*, 198 Ga. App. 616 (402 SE2d 291) (1991), the appellant's brief does not include a succinct and accurate statement of facts as required by Court of Appeals Rule 15 (a) (1), "with the result that we have had to rely on the briefs filed by the appellee[] and the [judgment] entered by the trial court for an overview of the case." Id. at 618 (1).

With respect to the appellant's contention that the verdict was contrary to the evidence, suffice it to say that the jury was authorized to conclude from the evidence presented at trial that the appellee had, out of the goodness of her heart and without monetary incentive, worked diligently and selflessly for several years to care for the appellant's aunt and her daughter, while the appellant's interest in her aunt's affairs did not manifest itself until after she received notice, following the daughter's death, that the aunt had substantial financial assets. The jury was additionally authorized to conclude from the evidence that the appellee had not been guilty of any misconduct either in her dealings with the aunt or in the administration of the aunt's daughter's estate. To the extent that the remaining enumerations of error asserted by the appellant in her appeal from the denial of the motion for new trial present anything for review, we hold that they establish no ground for reversal.

*Judgment reversed with direction in Case No. A91A1472. Judgment affirmed in Case No. A91A1572. Carley, P. J., and Beasley, J., concur.*

Decided February 24, 1992 —
Reconsideration denied March 10, 1992 — 

Susan M. Hartwig, Kathleen Lillis, Vernon W. Duncan, for appellant.

Beck, Owen & Murray, Richard L. Collier, for appellee.