A92A2275. ERVIN et al. v. SWIFT ADHESIVES, INC. et al.
(430 SE2d 133)

COOPER, Judge.

Appellants bring this appeal from an order granting summary judgment to appellees. The sole issue raised by appellants' four enumerations of error is whether appellants' action was barred by the doctrines of res judicata and collateral estoppel.

On March 2, 1988, appellant James Ervin filed a claim for workers' compensation for injuries which allegedly arose out of and in the course of his employment with Great Dane Trailer Company ("Great Dane"). Ervin alleged that his employment required him to inspect refrigerated trailers which had been sprayed with chemicals manufactured and distributed by appellees and that his exposure to those chemicals caused him to suffer from terminal and debilitating illnesses such as cancer and brain dysfunction. On March 14, 1988, Ervin and his wife filed a complaint against appellees for personal injuries and loss of consortium resulting from appellees' failure to

adequately warn about the dangers associated with the chemicals it manufactured and distributed to Great Dane for use in its refrigerated trailers. In an order issued May 13, 1991 by an administrative law judge, Ervin's claim for workers' compensation benefits was denied. The ALJ found that after a review of the evidence and testimony, Ervin had not carried his burden of proving that his injuries were causally related to his exposure to the chemicals at his place of employment. Ervin appealed the ALJ's decision to the full board, and while the appeal was pending, appellees filed a motion for summary judgment on the grounds that the doctrine of collateral estoppel precluded appellants from relitigating the issue of causation, and thus appellants would be unable to establish the necessary causal connection to maintain their cause of action. The trial court held a hearing on appellees' motion for summary judgment, and then stayed the case pending a decision on Ervin's appeal to the full board. In December 1991, the full board affirmed the ALJ's decision, and on appeal to the superior court, the superior court affirmed the full board's decision. Shortly thereafter, the trial court granted appellees' motion, and this appeal followed.

1. Appellants argue that the trial court erred in granting summary judgment to appellees because neither the parties nor the causes of action were the same as in the workers' compensation action. The doctrines of res judicata and estoppel by judgment are applicable to awards of the State Board of Workers' Compensation on all questions of fact over which the Board has jurisdiction. *McFadden Business Publications v. Guidry*, 177 Ga. App. 885 (1b) (341 SE2d 294) (1986). "The modern trend in applying the doctrines of res judicata and collateral estoppel is to confine the privity requirement to the party against whom the plea is asserted, so as to permit one who is not a party to the judgment to assert the judgment against a party who is bound by it, and thus to preclude relitigation by that party of issues which have been determined adversely to him in the prior action, even though if the issue had been decided in his favor in the prior action, he would not have been entitled to assert the prior adjudication in a subsequent action against a stranger to the judgment. [Cit.] The central question in determining whether the doctrines of res judicata and collateral estoppel apply is whether the party against whom the plea is raised has had a full opportunity to litigate the issue in question. [Cit.]" *Watts v. Lippitt*, 171 Ga. App. 578, 579 (320 SE2d 581) (1984). Accord *Wilson v. Malcolm T. Gilliland, Inc.*, 198 Ga. App. 616 (2) (402 SE2d 291) (1991). Furthermore, with respect to appellants' contention that the doctrines of res judicata and collateral estoppel were not applicable because the workers' compensation claim involved a different cause of action, we find that the issue of causation alleged in Mr. Ervin's workers' compensation case is identical to

the causation issue alleged in his products liability action against appellees. Therefore, Mr. Ervin had a fair opportunity to present evidence regarding the causal connection between his exposure to the chemicals and his resulting illness and the trial judge correctly held that he is precluded from relitigating the issue of causation in his lawsuit against appellees. *Watts*, supra.

2. Appellants argue that Mrs. Ervin's claim for loss of consortium is not precluded because she was not a party to the workers' compensation action. Although appellees argued in their motion for summary judgment that they were also entitled to judgment on Mrs. Ervin's derivative claim for loss of consortium, appellants failed to respond to this argument in their response to appellees' motion. We will not consider an issue raised for the first time on appeal. *Weaver v. ABC Bus*, 191 Ga. App. 614 (2) (382 SE2d 380) (1989).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 16, 1993 —
RECONSIDERATION DENIED MARCH 30, 1993 

*Clarence L. Martin*, for appellants.
*Rogers & Hardin, Phillip S. McKinney, Anne E. Williams, Clark & Clark, Fred S. Clark*, for appellees.