A93A2588, A93A2589. BEN FARMER REALTY COMPANY et al.
v. WOODARD; and vice versa.

(441 SE2d 421)

ANDREWS, Judge.

After Woodard purchased a house, she discovered structural damage in the attic caused by a fire which occurred prior to the purchase. She sued the seller and the real estate agents for the seller, Ben Farmer Realty Company and Rubin, claiming they fraudulently induced her to enter into the sales contract by concealing the fire damage. Ben Farmer Realty and Rubin moved for summary judgment, and the trial court granted the motion in part and denied it in part. Case No. A93A2588 is the interlocutory appeal granted by this court to Ben Farmer Realty and Rubin from the partial denial of summary judgment. Case No. A93A2589 is the cross-appeal of Woodard from the partial grant of summary judgment.

A purchaser claiming to have been fraudulently induced into entering a sales contract has an election of remedies involving rescission or affirmation of the contract. *Tuttle v. Stovall*, 134 Ga. 325 (67 SE 806) (1910); *Wilhite v. Mays*, 239 Ga. 31 (235 SE2d 532) (1977). One remedy is to promptly after discovery of the fraud rescind the contract, and after offering to restore the benefits received under the contract or showing a sufficient reason for not doing so, sue in tort for recovery of the purchase price and for any additional damages resulting from the alleged fraud. *Price v. Mitchell*, 154 Ga. App. 523, 524 (268 SE2d 743) (1980); *Crews v. Cisco Bros. Ford-Mercury*, 201 Ga. App. 589, 590 (411 SE2d 518) (1991); *Brown v. Techdata Corp.*, 238 Ga. 622, 625-627 (234 SE2d 787) (1977); *McBurney v. Woodward*, 86 Ga. App. 629, 632-634 (72 SE2d 89) (1952). The other remedy is to affirm the contract and sue for damages resulting from the alleged fraud. *Weaver v. ABC Bus*, 191 Ga. App. 614, 615 (382 SE2d 380) (1989); *Bill Spreen Toyota v. Jenquin*, 163 Ga. App. 855, 856 (294 SE2d 533) (1982). Such "[a] suit for damages by the defrauded party for the fraud committed is not a suit for the violation of the contract, but is one for a tort and involves affirmance of the contract, and [the defrauded party] may keep the fruits of the contract and maintain an action for the damages suffered by reason of the fraud. [Cit.] It can not be said that merely affirming the contract by the defrauded party will necessarily deprive him of the right to sue for damages for the fraud inducing him to make the contract, as the right to affirm the contract and the right to sue for damages for the fraud coexist." *Tuttle*, supra at 329; *Carpenter v. Curtis*, 196 Ga. App. 234, 236 (395 SE2d 653) (1990). In such a tort action the defrauded purchaser may seek as damages the difference in the value of the property sold to him and its value if the property had been the same as it was represented to be. *Gem City Motors v. Minton*, 109 Ga. App. 842, 845-846

(137 SE2d 522) (1964). Although the suit is an independent action in tort, it is based on the defrauded party's election to affirm the contract, and sue for damages resulting from the fraud arising out of the contract. Having elected to affirm the contract, the defrauded party is bound by its terms and is subject to any defenses which may be asserted by the other party based on the terms of the contract. *Mitchell v. Head*, 195 Ga. App. 427, 428 (394 SE2d 114) (1990); *Weaver*, supra at 615; *American Demolition v. Hapeville Hotel Ltd. Partnership*, 202 Ga. App. 107, 109 (413 SE2d 749) (1991).

In its order on the defendants' motion for summary judgment, the trial court granted summary judgment in favor of all defendants on Woodard's tort claim for fraud on the basis that Woodard sought to rescind the contract and sue in tort, but failed to restore or offer to restore the contract benefits as required in a tort action based on rescission. The trial court also ruled that summary judgment was denied as to breach of contract claims brought by Woodard against Ben Farmer Realty and Rubin, finding questions of fact raised by the terms of the contract.

The complaint and remaining record in the case clearly show that Woodard sought to affirm the contract, and sued for damages resulting from the alleged fraud. There is nothing in the record indicating any effort by Woodard to rescind the sale. Her suit was one in tort for the amount of the structural fire damage to the house (essentially seeking the difference between the actual value of the house as sold and its value as she claims it was represented), plus punitive damages and attorney fees. Woodard correctly argues in her cross-appeal that a failure to offer to restore benefits was not a proper basis for dismissal of her tort claim. Ben Farmer Realty and Rubin also correctly contend that there was no breach of contract claim upon which to find an issue of fact.

The issue in this case is whether Ben Farmer Realty and Rubin were entitled to summary judgment on Woodard's tort claim based on affirmation of the sales contract, and a suit for damages claiming she was fraudulently induced to enter into the sales contract. "As was pointed out by this court in *Wilhite v. Mays*, 140 Ga. App. 816, 817 (232 SE2d 141), fraud in the sale of real estate may be predicated upon a wilful misrepresentation, i.e., the seller tells a lie; upon active concealment where the seller does not discuss the defect but takes steps to prevent its discovery by the purchaser; and thirdly a passive concealment where the seller does nothing to prevent the discovery but simply keeps quiet about a defect which though not readily discernible, is known to the seller. Traditionally, the rule of caveat emptor had applied and the sales contract merged into the warranty deed and foreclosed any right of remedy by the purchaser after the closing of the contract by transfer of the deed. See *Holmes v.*

*Worthey*, 159 Ga. App. 262 (282 SE2d 919). *Wilhite*, supra, changed the rule of caveat emptor and placed upon the [seller] a duty to disclose a defect of which he knows but is aware that the purchaser is ignorant of the condition and which probably would affect the decision of the purchaser to close the transaction." *Mulkey v. Waggoner*, 177 Ga. App. 165, 166 (338 SE2d 755) (1985); *Fincher v. Bergeron*, 193 Ga. App. 256, 258 (387 SE2d 371) (1989).

Woodard makes varying statements in support of her fraud claim. In her deposition, she claims that someone knew about the fire damage and did not tell her. In an affidavit in opposition to summary judgment, she states that she relied upon representations that the house was structurally sound and in good repair. She apparently also claims that certain language in the sales contract was deliberately designed to mislead her.

First, we deal with the claim of passive concealment. "In cases of passive concealment by the seller [or agent] of defective realty, the buyer must prove that the vendor's concealment of the defect was an act of fraud and deceit, including evidence that the defect could not have been discovered by the buyer by the exercise of due diligence and that the seller [or agent] was aware of the problems and did not disclose them." (Citations and punctuation omitted.) *U-Haul Co. &c. v. Dillard Paper Co.*, 169 Ga. App. 280, 282 (312 SE2d 618) (1983). The house at issue was vacant residential property in obvious dilapidated condition. It is undisputed that even absent the fire damage in the attic, the house was not suitable to live in as sold, and was purchased by Woodard for $25,000 with the understanding that she would have to undertake substantial repairs. The sales contract, prepared by Woodard's agent, contained a stipulation stating that the house was being sold "as is and no termite certificate will be issued." Prior to the sale, Woodard inspected the house on two occasions with her agent. She found holes in the floor of the house, all the plumbing missing in one bathroom, a hole in the kitchen ceiling, and various other aspects of the house that needed repair. She understood that she was purchasing the house "as is" with all of these defects. During her inspection, she saw an access hole in the ceiling leading to the attic, was aware that she could have inspected the attic, but made no attempt to do so. After she closed on the property, and had already spent $23,000 on repairs to the house, she hired a contractor to install central heating and air. When the contractor went into the attic to determine duct placement, he discovered fire damage to the ceiling joists. Woodard testified that she could see the fire damage from the floor of the house through the access hole to the attic when the contractor pointed his flashlight straight up. Woodard obtained an estimate for repairing the damage in the amount of $13,892.93.

In her deposition, Woodard testified that she did not claim

Rubin, who was a Ben Farmer Realty agent, knew about the fire damage, but claimed that "somebody knew and didn't tell me about the fire." Rubin and Ben Farmer Realty both stated that they had no knowledge of the fire damage. The seller testified that the house had been obtained by mortgage foreclosure from Shear, who mortgaged the house in an effort to do repairs. The seller was aware that there had been a fire at the house prior to Shear's ownership, but testified he believed Shear had repaired the damage, and that he had no knowledge of the fire damage when he sold the house. When asked if it was conceivable that he told Rubin about the prior fire, he testified that though conceivable, he could not recall doing so.

On the present record there is no evidence that Rubin or Ben Farmer Realty knew about the fire damage, and it appears that Woodard conceded this fact in her deposition. Even if a question of fact existed as to whether the agents or the seller knew of the fire damage, under the circumstances, Woodard failed as a matter of law to exercise due diligence to discover the fire damage in the attic. Woodard knew the house was in a dilapidated condition with many major defects, and she agreed to purchase the house in its "as is" condition. She was obviously on notice to exercise a heightened degree of diligence in inspecting the house under these circumstances. When she inspected the house, she knew there was an accessible attic, knew she could have inspected the attic, and failed to do so. When she later discovered the fire damage in the attic, she testified the damage could be seen from the floor of the house through the access hole with the use of a flashlight. *U-Haul Co.*, supra at 282; compare *Mulkey*, supra at 166; *Fincher*, supra at 259. Ben Farmer Realty and Rubin were entitled to summary judgment with respect to any claim for passive concealment.

Woodard also claims in an affidavit in opposition to summary judgment that she relied upon "the representation that the property was in reasonably sound structural condition and in a state of good repair. . . ." She does not say who made these representations. In any event, having elected to affirm rather than rescind the sales contract, Woodard is bound by its terms. In addition to containing an entire agreement clause, the contract specifically provides: "[P]urchaser acknowledges that [she] has not relied upon the advice or representations, if any, by Broker (or agents of Broker) relating to . . . the structural condition of the property. . . ." Accordingly, Woodard is estopped from pursuing this claim for fraud, and the appellants were entitled to summary judgment. *Weaver*, supra at 615; *Joseph Charles Parrish, Inc. v. Hill*, 173 Ga. App. 97, 99-100 (325 SE2d 595) (1984); *Touche, Inc. v. Dearborn*, 161 Ga. App. 188, 192 (291 SE2d 35) (1982).

We find no merit in Woodard's claim that the language of the

sales contract, drafted by her own agent, providing that "the property is being sold 'as is' and no termite certificate will be issued," was fraudulently designed to represent that possible termite damage was the only defect in the property.

Although for the wrong reason, the trial court correctly granted summary judgment in favor of Ben Farmer Realty and Rubin with respect to all tort claims brought by Woodard. A grant of summary judgment must be affirmed if it is right for any reason. *Newsome v. Dept. of Human Resources*, 199 Ga. App. 419, 423 (405 SE2d 61) (1991). The trial court erred in partially denying summary judgment and determining that questions of fact remain as to breach of contract or warranty claims. Accordingly, the partial denial of summary judgment is reversed in Case No. A93A2588, and the partial grant of summary judgment is affirmed in Case No. A93A2589.

*Judgment affirmed in part in Case No. A93A2589, and reversed in part in Case No. A93A2588. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 28, 1994 —
RECONSIDERATION DENIED FEBRUARY 15, 1994 —

*Lefco & Blumenthal, Stanley M. Lefco, Ned Blumenthal, Weiner, Shearouse, Weitz, Greenberg & Shawe, Aaron G. Weiner, Jeffrey W. Rubnitz*, for appellants.
*Clarence L. Martin*, for appellee.

