A96A1293. TOPOREK v. ZEPP.
(479 SE2d 759)

POPE, Presiding Judge.

Defendant Julian Toporek is an attorney. He appeals the denial of a motion for summary judgment he filed in a lawsuit brought against him by plaintiff Amy Zepp based on his alleged representation of plaintiff. Concluding that summary judgment was not appropriate in this case, we affirm.

Construed most favorably to plaintiff, the evidence shows that on May 17, 1972, plaintiff was injured by a Sears Roebuck & Company van. Plaintiff's parents negotiated her claim against Sears with

---

Sears' insurer, Allstate Insurance Company. Allstate retained defendant to finalize the settlement. Plaintiff's mother spoke to defendant after he was retained and understood that he represented Allstate. According to her affidavit, however, defendant assured her that he could represent both plaintiff and Allstate, and that it would be in plaintiff's best interests to settle with Allstate. Defendant also allegedly told plaintiff's mother that plaintiff did not need to hire her own attorney. Defendant then agreed to represent plaintiff before the court of ordinary in the settlement approval proceedings. He prepared a petition appointing plaintiff's father as her guardian ad litem and then prepared a petition seeking approval of the settlement, which he signed as attorney for the petitioner. There is evidence in the record that plaintiff's parents paid defendant for his representation of plaintiff. The court of ordinary approved the settlement but has stated it would not have done so if it had known that defendant represented Allstate due to defendant's conflict of interest in the matter.

On February 17, 1988, plaintiff turned 18 years old. On February 1, 1992, she filed suit in Chatham County against defendant for legal malpractice, breach of fiduciary duty, fraud and bad faith based on defendant's representation of her. She also sued Allstate for fraud and bad faith. Subsequently, she voluntarily dismissed the suit, and on June 2, 1992, refiled it in Allstate's county of residence, Fulton County. Thereafter, defendant and Allstate filed motions to dismiss plaintiff's lawsuit. The Fulton County Superior Court granted the motions.

In *Zepp v. Toporek*, 211 Ga. App. 169 (438 SE2d 636) (1993), this Court affirmed the dismissal of plaintiff's claims against Allstate, concluding that the claims constituted an unauthorized collateral attack upon the judgment of the court of ordinary, and that any authorized direct action to set aside the judgment of that court was time barred under OCGA § 9-11-60 (f). As to defendant, after noting that OCGA § 9-11-60 (f) was not applicable to the claims against him, we held the trial court erred in addressing his motion to dismiss because venue vanished in Fulton County with Allstate's dismissal. Consequently, we remanded the case and directed that it be transferred to Chatham County.

Once the case was transferred to Chatham County, defendant moved for summary judgment. The trial court denied his motion.

1. Defendant argues the trial court erred in denying his motion because plaintiff's claims were barred by the doctrine of collateral estoppel. He contends that based on this Court's holdings in cases such as *Watts v. Lippitt*, 171 Ga. App. 578, 579 (320 SE2d 581) (1984), the trial court erroneously determined that the doctrine was inapplicable because there was no identity between the parties or their priv-

ies in this case and plaintiff's original action against Sears. We must disagree.

While it is true that in *Watts* we held that the privity requirement of collateral estoppel is confined to the party against whom the plea is asserted, in *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 867 (2) (463 SE2d 5) (1995), the Georgia Supreme Court held otherwise, stating that in order for collateral estoppel to bar a claim there must be "identity of the parties or their privies in both actions." This Court is bound by the *Waldroup* holding and has in fact recently acknowledged and followed that decision. See *Langton v. Dept. of Corrections*, 220 Ga. App. 445, 446 (1) (469 SE2d 509) (1996). Accordingly, because there is no identity of parties or their privies in the instant case, the trial court correctly determined that plaintiff's claims against defendant were not barred by the doctrine of collateral estoppel.

Additionally, even if identity of parties existed, collateral estoppel still would not bar plaintiff's pending lawsuit because the issues involved in that suit were not litigated in the previous action against Sears. For collateral estoppel to apply, a party must have "had full opportunity to litigate the issue in question [during the prior action]." *Watts*, 171 Ga. App. at 579. Collateral estoppel will not bar consideration of an issue that has not actually been decided. *Waldroup*, 265 Ga. at 867. In the Sears' action, the trial court evaluated only the adequacy of a proposed settlement based on the information placed before it, and not the adequacy or legitimacy of the legal representation provided to plaintiff. While there may be a correlation between the two, they are not the same issue.

2. Defendant also contends the trial court erred in concluding that the statute of limitation for torts found in OCGA § 9-3-33 did not bar plaintiff's claims against him. Defendant bases this contention on the assertion that there was no attorney/client relationship between him and plaintiff, and thus, plaintiff's claims must be considered ex delicto rather than ex contractu. We find no merit to this contention.

In this case, defendant acted as the attorney for plaintiff's guardian ad litem. But in doing so, he clearly undertook to represent plaintiff's interests. Plaintiff was the real party with the legal interest warranting representation. As the intended beneficiary of the relationship between her guardian ad litem and defendant, plaintiff also was in privity with defendant, despite her minority. See *Reaugh v. Inner Harbour Hosp.*, 214 Ga. App. 259, 261 (3) (447 SE2d 617) (1994). In cases like this, to suggest that the guardian alone is the attorney's client, and not the minor, is to ignore the guardian ad litem's representative capacity and the minor's direct interest.

Consequently, we conclude that when defendant undertook to

consummate the settlement of plaintiff's claim against Sears, defendant entered into an attorney/client relationship with plaintiff. Therefore, plaintiff had four years from the time she reached the age of 18 to file her ex contractu claims against defendant arising out of that relationship. See OCGA §§ 9-3-25; 9-3-90. She filed her claims approximately three years after reaching age 18.

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED NOVEMBER 22, 1996 —
RECONSIDERATION DENIED DECEMBER 13, 1996 — 

*Beckmann & Pinson, Walter W. Ballew III, William R. Dekle,* for appellant.

*Middleton, Mixson, Orr & Adams, Richard H. Middleton, Jr., Lynda W. Orr,* for appellee.