A97A0689. WICKLIFFE v. WICKLIFFE COMPANY, INC.
(489 SE2d 153)

BLACKBURN, Judge.

Alfred A. Wickliffe appeals the trial court's sua sponte grant of partial summary judgment to The Wickliffe Company, Inc. (TWC) based upon the court's giving of a preclusive effect to an unrelated federal action. Wickliffe also appeals the trial court's denial of his motion for summary judgment.

On October 1, 1988, TWC purchased the assets of A. A. Wickliffe Company (AAWC). The Purchase Agreement listed AAWC as the "seller" and TWC as the "buyer." Wickliffe was also a party to the Purchase Agreement in that it required him to enter a covenant not to compete against TWC in return for $25,000. The Purchase Agreement required AAWC, as seller, to indemnify TWC for all costs and expenses in defending against any claim brought as a result of AAWC's failure to pay its obligations. However, the Purchase Agreement did not require Wickliffe to indemnify TWC.

Two other lawsuits are significant to an understanding of this case. First, in the fall of 1988, John S. Allen and C. Lawrence Sears brought suit against AAWC and TWC for unpaid compensation which accrued during their employment with AAWC. Following a jury trial, Allen and Sears obtained a judgment against AAWC and TWC. The jury determined that the Purchase Agreement between AAWC and TWC was a fraudulent conveyance. The judgment awarded Allen and Sears specific amounts of money against AAWC and TWC, separately, not jointly and severally. TWC settled the judgment against it for $110,000.

In the second significant lawsuit, Allen and Sears filed an action in the United States District Court for the Northern District of Georgia against Wickliffe to collect on their earlier judgment. Allen and Sears sought to hold Wickliffe, AAWC's sole shareholder, responsible for the judgment they had obtained against AAWC. Based on the evi-

dence presented in that action, the district court determined that Wickliffe had abused the corporate form and that Allen and Sears could recover their judgment directly from Wickliffe.

TWC filed the present action, believing that the Purchase Agreement required Wickliffe to indemnify it for the $110,000 it paid to Allen and Sears. TWC brought the underlying action for breach of contract, suit on a personal guarantee, and indemnity and contribution. We note that the present action contains neither any allegations of abuse of the corporate form or piercing the corporate veil nor any facts supporting such allegations. Despite the lack of claims or allegations for abuse of the corporate form, the trial court, in the present case, relied on the district court's order to determine that Wickliffe had abused the corporate form, and that Wickliffe was, therefore, liable to TWC in this action. This appeal followed.

1. Wickliffe contends the trial court erred in granting partial summary judgment to TWC. In particular, Wickliffe contends the court erred in giving preclusive effect to the United States District Court's prior decision. Our review of the grant of a motion for summary judgment on issues of law is de novo. See *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874 (1) (392 SE2d 535) (1990).

The action in the United States District Court for the Northern District of Georgia was brought by Allen and Sears against Wickliffe, personally, to collect the judgment they had obtained against AAWC. The district court pierced the corporate veil between Wickliffe and AAWC based upon its finding that Wickliffe had abused the corporate form. In granting partial summary judgment to TWC in this case, the trial court gave preclusive effect to this finding, by determining that Wickliffe was collaterally estopped by the holding of the district court from holding himself separate and apart from the obligations of AAWC. Therefore, we must determine whether collateral estoppel was properly applied in this case. As such is an issue of law, we review the trial court's determination de novo.

"Collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions. However, unlike res judicata, collateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim. Furthermore, collateral estoppel only precludes those issues that actually were litigated and decided in the previous action, or that necessarily had to be decided in order for the previous judgment to have been rendered. Therefore, collateral estoppel does not necessarily bar an action merely because the judgment in the prior action

was on the merits. Before collateral estoppel will bar consideration of an issue, that issue must actually have been decided." (Footnotes omitted.) *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866-867 (2) (463 SE2d 5) (1995).

The underlying question upon which this case turns, is whether the mutual identity of the parties is required for collateral estoppel. Initially, we note that recent case law in this Court is unsettled as to such issue. In one line of cases we have held that "[t]he modern trend in applying the doctrines of res judicata and collateral estoppel is to confine the privity requirement to the party against whom the plea is asserted, so as to permit one who is not a party to the judgment to assert the judgment against a party who is bound by it, and thus to preclude relitigation by that party of issues which have been determined adversely to him in the prior action, even though if the issue had been decided in his favor in the prior action, he would not have been entitled to assert the prior adjudication in a subsequent action against a stranger to the judgment." (Punctuation omitted.) *Ervin v. Swift Adhesives*, 208 Ga. App. 265,.266 (430 SE2d 133) (1993). See also *Watts v. Lippitt*, 171 Ga. App. 578, 579 (320 SE2d 581) (1984); *Winters v. Pund*, 179 Ga. App. 349, 352-353 (346 SE2d 124) (1986); *Wilson v. Malcolm T. Gilliland, Inc.*, 198 Ga. App. 616 (2) (402 SE2d 291) (1991). However, in another line of cases, decided during the same time frame as those cases cited above, we continued to follow the traditional rule that requires identity of parties or their privies in both actions. See *Toporek v. Zepp*, 224 Ga. App. 26, 28 (1) (479 SE2d 759) (1996); *Miller v. Steelmaster Material Handling Corp.*, 223 Ga. App. 532 (3) (478 SE2d 601) (1996); *Stiltjes v. Ridco Exterm. Co.*, 197 Ga. App. 852, 853 (399 SE2d 708) (1990); *Miller v. Charles*, 211 Ga. App. 386, 387-388 (439 SE2d 88) (1993).

Our Supreme Court has remained consistent that the elements of collateral estoppel require identity of parties or their privies in both actions. See *Waldroup*, supra; *Norris v. Atlanta &c. R. Co.*, 254 Ga. 684, 685 (333 SE2d 835) (1985); *Dept. of Human Resources v. Fleeman*, 263 Ga. 756, 757 (439 SE2d 474) (1994); *Kent v. Kent*, 265 Ga. 211 (1) (452 SE2d 764) (1995). Therefore, we are constrained to follow the Supreme Court and require that collateral estoppel requires identity of parties. Our decision necessitates that we over-rule *Ervin*, supra; *Watts*, supra; *Winters*, supra; and *Wilson*, supra. While the Supreme Court cases did not in fact turn on the identity of parties element, they consistently listed the mutuality of parties requirement as a necessary element in invoking collateral estoppel. We are not authorized to ignore the holdings of the Supreme Court. While the modern trend regarding mutuality is perhaps the better position, only our Supreme Court has the authority to overrule its earlier holdings and to adopt the modern trend in Georgia. We

encourage the Supreme Court to embrace the modern trend when it does directly address this issue. The current rule allows parties to relitigate issues they have already litigated and lost, straining judicial resources and creating the possibility of inconsistent results. Moreover, the Supreme Court has cited sections of the Second Restatement of Judgments dealing with collateral estoppel approvingly, see *Kent*, 265 Ga. at 211-212, and the Second Restatement does not require mutuality before parties may be precluded from relitigating an issue they have already litigated and lost. Restatement, 2d, Judgments, § 29.

In the present case, as TWC was not a party to the district court action, there is no identity of parties, and the doctrine of collateral estoppel is inapplicable. See *Waldroup*, supra; *Norris*, supra; and *Fleeman*, supra. Therefore, the trial court erred in relying upon the district court's order, and we reverse its grant of summary judgment to TWC.

2. Wickliffe contends the trial court erred in denying his motion for summary judgment. Appellate review of the denial of a motion for summary judgment requires that the facts be viewed in the light most favorable to the nonmoving party. See *First Alliance Bank v. Westover, Inc.*, 222 Ga. App. 524, 525 (474 SE2d 717) (1996). Issues of law are reviewed de novo. See *Bishop*, supra.

"Where the language of a contract is plain and unambiguous, no construction is required or permissible and the terms of the contract must be given an interpretation of ordinary significance. If the terms used are clear and unambiguous they are to be taken and understood in their plain, ordinary, and popular sense." (Punctuation omitted.) *Akron Pest Control v. Radar Exterm. Co.*, 216 Ga. App. 495, 497 (455 SE2d 601) (1995).

In the present case, the unambiguous terms of the Purchase Agreement require "that Buyer shall not be responsible for any debts or assume any liabilities or obligations of Seller and Seller will pay its creditors in a timely manner and indemnify and save Buyer harmless from any claims brought or actions filed against Buyer or the accounts receivable by creditors of Seller, and should Seller refuse to do so promptly after being notified, Seller shall indemnify Buyer for all Buyer's costs and expenses in defending against such claim or action, including reasonable attorneys' fees." Therefore, the purchase agreement requires AAWC, as "seller" to indemnify TWC, as "buyer." The responsibilities of AAWC, as seller, and Wickliffe are specifically outlined in the Purchase Agreement. The Purchase Agreement did not require Wickliffe to indemnify or hold TWC harmless from liabilities. Therefore, TWC's action for breach of contract must fail. See id.

Additionally, TWC's suit on personal guaranty must fail. "Pursu-

ant to OCGA § 10-7-1, contracts of suretyship and guaranty are indistinguishable. OCGA § 10-7-3 provides that contracts of suretyship are subject to strict law; and the surety's liability will not be extended by implication or interpretation." *Arnold v. Indcon, L.P.,* 219 Ga. App. 813 (1) (466 SE2d 684) (1996). The Purchase Agreement contains no language by which Wickliffe agrees to personally guarantee payment of AAWC's liabilities to TWC.

The Purchase Agreement also does not contain any requirement that Wickliffe indemnify or contribute to any claims made against TWC, and the record does not contain any other basis for such claims. Therefore, TWC's claim for indemnity and contribution against Wickliffe must also fail. See *Akron Pest Control,* supra. Based on the foregoing, the trial court erred in denying Wickliffe's motion for summary judgment.

*Judgment reversed. Pope, P. J., Johnson, Smith, Ruffin and Eldridge, JJ., concur. Andrews, C. J., McMurray, P. J., Birdsong, P. J., and Beasley, J., concur in the judgment only.*

DECIDED JULY 16, 1997 — 

Jones, Day, Reavis & Pogue, Robert M. Martin, for appellant.
Johnson & Freeman, Ronald J. Freeman, Maureen M. McLeod, for appellee.