## A90A0466. MITCHELL v. HEAD et al.
(394 SE2d 114)

BEASLEY, Judge.

Plaintiff-seller Mitchell d/b/a Mitchell, Mitchell & Associates, Inc., appeals the grant of summary judgment to Mr. and Mrs. Head, the purchasers in this dispute about the price of a home.

The Heads entered into a contract to buy the real property from Mitchell. The written contract contained a sales price of $85,250 and a provision stating that it constituted the sole and entire agreement between the parties, that no modification would be binding unless attached to the contract and signed by all parties, and that no representation, promise, or inducement not included in the contract would be binding on the parties. The settlement agreement at closing reflected

the same sales price.

Following closing, Mitchell, in her business capacity, filed a "Complaint for Breach of Contract" against the Heads. She alleged they had contacted her about building a house for $110,000 and because of certain circumstances, including the fact that $85,250 was the maximum allowed by the lender, the contract and closing documents stated such amount but the parties had a separate oral agreement for the balance of $24,740 which was inadvertently not reduced to writing. The Heads answered, denying the existence of the oral agreement and any obligation greater than $85,250. They counterclaimed for damages from latent defects and faulty workmanship.

Mitchell amended her suit to assert that when the deal was made, defendants had no intention of paying the agreed price of $110,000 and so had fraudulently induced her to contract. She did not seek to rescind the written sales agreement but rather to enforce the oral one.

The trial court granted summary judgment to the Heads on plaintiff Mitchell's claim.

"Any contract for sale of lands, or any interest in, or concerning lands" must be in writing and signed. OCGA § 13-5-30 (4); *Alsobrook v. Taylor*, 181 Ga. 10 (2) (181 SE 182) (1935). The alleged oral agreement was not actionable under the Statute of Frauds, OCGA § 13-5-30. Appellant did not demonstrate in rebuttal to defendants' showing on summary judgment that there was such detrimental reliance on this alleged oral agreement so as to negate a Statute of Frauds defense. Compare *Scott v. Lumpkin*, 153 Ga. App. 17 (264 SE2d 514) (1980).

The alleged oral agreement as a parol variance or modification of the written sales contract does not rescue appellant. There is a merger clause, and appellant has elected not to rescind the contract. " '[T]wo actions are equally available to one who was fraudulently induced by misrepresentations into entering a contract. The defrauded party can "affirm the contract and sue in contract for breach or he (can) seek to rescind the contract and sue in tort for alleged fraud and deceit. (Cits.)" However, depending upon which of the two actions is ultimately pursued, the presence of a merger clause in the underlying contract may be determinative as to the successful outcome. If the defrauded party has not rescinded but has elected to affirm the contract, he is relegated to a recovery in contract and the merger clause will prevent his recovery.' (Cit.) This result obtains because ' "[w]here the [allegedly defrauded party] affirms a contract which contains a merger or disclaimer provision and retains the [benefits], he is estopped from asserting that he relied upon the [other party's] misrepresentation and his action for fraud must fail." ' [Cits.]" *Ouseley v. Foss*, 188 Ga. App. 766, 768 (I) (374 SE2d 534) (1988).

Even if appellant could retain the benefits of the written contract and pursue the claim for fraud in the inducement, defendants pierced such allegations of fraud and appellant made no showing that at the time of the alleged oral agreement, defendants had no intention to perform. "[A]ctionable fraud cannot be based merely on statements referring to future events, or merely promissory of future acts. [Cits.]" *Scott*, supra at 20 (2).

Summary judgment to defendants was proper.

Although not enumerated as error, appellant argues insufficient notice of the summary judgment hearing. An enumeration may not be expanded by argument in the brief. *Central Nat. Ins. Co. &c. v. Dixon*, 188 Ga. App. 680, 681 (2) (373 SE2d 849) (1988).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 20, 1990.

*H. Pierre, Jr.*, for appellant.
*Floyd, Jones & Ware, Serena L. Sparks, R. David Ware*, for appellees.