A91A1385. AMERICAN DEMOLITION, INC. v. HAPEVILLE HOTEL LIMITED PARTNERSHIP et al.
(413 SE2d 749)

ANDREWS, Judge.

After submitting a successful bid proposal, American Demolition contracted with Hapeville Hotel Limited Partnership ("Hapeville") to demolish the old Atlanta Airport Hilton Hotel owned by appellee Hilton Hotel, to remove all asbestos and underground foundations, to backfill all holes and to recompact the soil. The contract between the parties was based on the American Institute of Architects' form contract, although many provisions of the form document were deleted and a 19 page addendum of "supplementary general conditions" was included.

The contract defined the work to be performed, the demolition of the project site and asbestos abatement, as follows: "[t]he work comprises the completed construction required by the Contract Documents and includes all labor necessary to produce such construction, and all materials and equipment incorporated or to be incorporated in such construction." The contract further provided that the amount to be paid was a stipulated sum "without extra compensation" and that "[t]he intent of the Contract Documents is to include all of the work for the Stipulated Contract Sum and within the Contract Time . . . any work which is obviously necessary to complete the work within the limits established by the Drawings and Specifications, shall be considered as part of the Contract and shall be executed by the Contractor in the same manner and with the same character of material as other portions of the Contract *without extra compensation.*" (Emphasis supplied.) Although the original contract form contained a "concealed conditions" provision, which provided for an equitable adjustment of the contract price in the event that unusual conditions were encountered, the parties struck this provision from their contract and no similar clause was substituted. The contract did include a "site inspection" clause which provided the "contractor hereby ac-

knowledges that it has visited the site, examined all conditions affecting the Work, is fully familiar with all of the conditions thereon and affecting the same. . . ." Finally, the contract contained two "merger" clauses, one of which stated: "[t]he Contract documents form the Contract for Construction. This Contract represents the entire and integrated agreement between the parties hereto and supersedes all prior negotiations, representations, or agreements, either written or oral."

American Demolition encountered unforeseen problems during the demolition of one of the buildings. The problem stemmed from the fact that the building's foundation was more extensive than American Demolition had anticipated and that the subsurface soil was wet due to a drainage problem. American Demolition did not complete the contract requirements, Hapeville did not pay for some of the work and American Demolition filed a complaint to recover payment for both the contract balance and additional costs incurred during the performance of the contract.

The complaint was in five counts — the first two counts were for breach of contract, the third count sought damages for fraud, count four set forth claims for extra-contractual and quantum meruit damages and count five was for the foreclosure of a mechanic's lien. The trial court granted summary judgment against American Demolition on counts three and four and American Demolition appeals.

1. In its first three enumerations of error, American Demolition claims that the trial court erred in granting summary judgment as to its claims of fraudulent concealment. That count alleged that defendants fraudulently misrepresented and concealed the site conditions, particularly the wet condition of the subsurface soils, the extensive nature of the foundation system, and the existence of the drainage problem. American Demolition's claim is based in large part on the nondisclosure of two engineering reports which had been performed for appellees, which revealed these problems. American Demolition also claimed that during one pre-contract site visit, a representative had inquired generally of other relevant facts and neither the existence of the reports nor the unusual subsurface conditions were revealed. According to two affidavits which American Demolition filed in opposition to the motion for summary judgment, the subsurface conditions were not apparent during the investigations they made of the site prior to contracting.

The trial court's grant of summary judgment on the fraudulent concealment claim was based on several grounds. First, the trial court held that because American Demolition elected not to rescind the contract, the merger clause of that contract barred the fraud claim. We agree.

In an action for fraud, "[i]f the defrauded party has not re-

scinded but has elected to affirm the contract, he is relegated to a recovery in contract and the merger clause will prevent his recovery. This result obtains because where the allegedly defrauded party affirms a contract which contains a merger or disclaimer provision and retains the benefits, he is estopped from asserting that he relied upon the other party's misrepresentation and his action for fraud must fail." (Citations and punctuation omitted.) *Mitchell v. Head*, 195 Ga. App. 427, 428 (394 SE2d 114) (1990); see also *Carpenter v. Curtis*, 196 Ga. App. 234 (395 SE2d 653) (1990) (physical precedent); *Roller-Ice v. Skating Clubs of Ga.*, 192 Ga. App. 140, 142 (384 SE2d 235) (1989) (physical precedent). There is no claim that American Demolition made any effort to rescind the contract and having made its election to sue under the contract, it is bound by the merger clause.

In an effort to bypass this rule, American Demolition citing *Sires v. Luke*, 544 FSupp. 1155 (S.D. Ga. 1982) and *SCM Corp. v. Thermo Structural Prods.*, 153 Ga. App. 372 (265 SE2d 598) (1980), argues that it was prevented from exercising its own independent judgment in the making of the contract and therefore is exempt from the rule stated above. American Demolition claims that it fits within this exception since the alleged fraud concerned intrinsic defects in the article forming the subject matter of the contract and that appellees had a duty of disclosure because of the nature of the parties' relationship.

There is a multitude of problems with American Demolition's argument, though we will limit our discussion to the most apparent flaw. There is no evidence to suggest that this transaction was anything other than an arm's length transaction between two professionals and there is no evidence that any special or confidential relationship existed to give rise to a duty to disclose. See generally *Kienel v. Lanier*, 190 Ga. App. 201 (2) (378 SE2d 359) (1989); OCGA § 23-2-53; compare *Pinkerton & Laws Co. v. Roadway Express*, 650 FSupp. 1138 (N.D. Ga. 1986). Here, there was no duty to disclose, American Demolition has failed to show that it could not exercise its "independent judgment" in forming the contract and American Demolition's attempts to circumvent the contract's merger clause fail. See generally OCGA §§ 51-6-2 (a); 13-5-5; *Charter Med. Mgmt. Co. v. Ware Manor*, 159 Ga. App. 378, 384 (5) (283 SE2d 330) (1981); *Toys 'R' Us v. Atlanta Economic Dev. Corp.*, 195 Ga. App. 195, 198 (393 SE2d 44) (1990).

Because of our conclusion that no issue of fact existed and that summary judgment was proper as to the fraudulent concealment claim because of the existence of the merger clause, we need not address the enumeration of error regarding the trial court's grant of summary judgment on the basis that American Demolition failed to exercise due diligence.

2. In its fourth and fifth enumerations of error, American Demo-

lition claims that the trial court erred in granting summary judgment on count three which alleged that because of unanticipated subsurface conditions, American was required to perform work outside the scope of the contract and was entitled to additional compensation and that it is entitled to quantum meruit recovery under OCGA § 9-2-7.

In order to determine whether American can recover additional money for the unforeseen performance costs involved in the contract, it is necessary to determine from the contract itself who bore the risk of unknown obstacles. The contract here contained no changed conditions clause, unequivocally limited the contract payment to a sum certain, and contained an inspection clause. It is clear from these provisions that the contract imposed the risk of uncertainty of subsurface conditions on American Demolition. *Jerome Bradford Constr. Co. v. Pinkerton & Laws Co.*, 174 Ga. App. 854 (332 SE2d 26) (1985); *Pinkerton*, supra. "Parties laboring under no disabilities may make contracts on their own terms, and in the absence of fraud or mistake or terms that are illegal or contrary to public policy, they must abide by the contract. The fact that it is unwise or disadvantageous to one party furnishes no reason for disregarding it." (Citations and punctuation omitted.) *Jerome*, supra at 855. Because the contract placed the risk of extra expense on it, American Demolition is not entitled to recover additional compensation just because the work required to be performed was more expensive than it had anticipated.

The trial court also properly dismissed the claim for quantum meruit damages. "There can be no recovery on quantum meruit when the action is based on an express contract." *Stowers v. Hall*, 159 Ga. App. 501 (283 SE2d 714) (1981).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 14, 1991 —
RECONSIDERATION DENIED DECEMBER 2, 1991 —

*Peterson, Dillard, Young, Self & Asselin, James B. Vance, Thomas O. Marshall,* for appellant.

*Porter & Doster, J. Alexander Porter, Sidney R. Barrett, Jr., McGinn, Webb & Warner, Douglas B. Warner,* for appellees.