A97A0292. DEWS v. ROADWAY PACKAGE SYSTEM, INC. et al.
(488 SE2d 94)

McMURRAY, Presiding Judge.

James R. Dews, Sr. entered into a contract with Roadway Package System, Inc. ("Roadway"), a licensed motor carrier, agreeing to pick up and deliver packages for Roadway on certain routes. This contract includes a "merger" clause which provides that "[t]his Agreement, the Addenda hereto, and the Attachments to the Addenda, constitute the entire agreement and understanding between the parties and, when executed, shall constitute a revocation of any earlier Contractor Operating Agreement between the parties."

Roadway severed its relationship with Dews after discovering that Dews had been driving his truck with a suspended driver's license in violation of federal law as well as the parties' agreement. Dews thereafter brought an action against Roadway and its agent, Dave Edmondson, for breach of contract, tortious interference, fraud

and bad faith.[1] Dews later dismissed his breach of contract and tortious interference claims because an arbitrator awarded him $15,000 on his breach of contract claim. Roadway and Edmondson then moved for summary judgment, pertinently arguing that Dews' election to resolve his breach of contract and tortious interference claims under the contract's arbitration clause — rather than rescinding the contract and pressing his fraud claim — foreclosed his right to recover for Roadway's alleged antecedent fraud. See *City Dodge v. Gardner*, 232 Ga. 766, 770 (208 SE2d 794).

This appeal followed the trial court's order granting Roadway's and Edmondson's motion for summary judgment. *Held*:

Dews contends the trial court erred in granting Roadway's and Edmondson's motion for summary judgment, arguing that his election to arbitrate should not bar his fraud claims because the contract he entered into with Roadway required him to arbitrate before filing suit. This assertion is without merit. While the parties' contract called for Dews to resolve his breach of contract claims via arbitration, it did not prohibit him from rescinding the contract and pursuing his fraud claims.

"In an action for fraud, 'if the defrauded party has not rescinded but has elected to affirm the contract, he is relegated to a recovery in contract and the merger clause will prevent his recovery. This result obtains because where the allegedly defrauded party affirms a contract which contains a merger or disclaimer provision and retains the benefits, he is estopped from asserting that he relied upon the other party's misrepresentation and his action for fraud must fail.' (Citations and punctuation omitted.) *Mitchell v. Head*, 195 Ga. App. 427, 428 (394 SE2d 114) (1990); see also *Carpenter v. Curtis*, 196 Ga. App. 234 (395 SE2d 653) (1990) (physical precedent); *Roller-Ice v. Skating Clubs of Ga.*, 192 Ga. App. 140, 142 (384 SE2d 235) (1989) (physical precedent)." *American Demolition v. Hapeville Hotel, L.P.*, 202 Ga. App. 107, 108-109 (1) (413 SE2d 749). In the case sub judice, Dews made no effort to rescind the contract. On the contrary, he affirmed the contract by invoking the agreement's arbitration clause and accepting the $15,000 arbitration award. Having made this election, Dews is bound by the contract's "merger" clause. The trial court therefore did not err in granting summary judgment with regard to this aspect of Dews' complaint.

*Judgment affirmed. Senior Appellate Judge Harold R. Banke*

---

[1] Dews pertinently alleged that Roadway prevented his drivers from servicing his routes while his driver's license was suspended, unduly controlled his activities in violation of his status as an independent contractor, and duped him into executing the trucking agreement by representing that he would be an independent contractor rather than an employee.

*concurs. Smith, J., concurs in the judgment only.*

DECIDED JUNE 19, 1997.

*Cedric T. Leslie*, for appellant.
*Jones, Day, Reavis & Pogue, Elaine R. Walsh, Theresia M. Moser*, for appellees.