Steven A. BLASKE, Plaintiff,

v.

**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.**

No. CIV.A.1:03–CV–692–RL.

United States District Court,
N.D. Georgia,
Atlanta Division.

April 30, 2003.

David Marlow Atkinson, Laura D. Tubbs, Magill & Atkinson, Atlanta, for Steven A. Blaske, plaintiff.

H. Sanders Carter, Jr., Elizabeth Alford Beskin, Carter & Ansley, Atlanta, for

Provident Life and Accident Insurance Company, defendant.

## ORDER

VINING, Senior District Judge.

This is a suit on a series of insurance policies, which provided for payment if the insured became disabled. Pending before the court is the defendant's motion for partial dismissal [Doc. No. 2].

The plaintiff contends that even though he has met the policies' requirements for payment of benefits, the defendant has refused to pay those benefits. He further alleges that the defendant made certain false representations at the time the policies were entered into and that such false misrepresentations were intended to induce him to purchase the policies. Count I of the complaint is for breach of the insurance policies; Count II is for fraud in the inducement; Count III is for bad faith penalties under O.C.G.A. § 33–4–6; Count IV is for punitive damages. The defendant has moved to dismiss Counts II and IV.

In seeking dismissal of Count II, the defendant points out that each of the insurance policies has a merger clause, which provides:

> This policy with the application and attached papers is the entire contract between you and us. No change in this policy will be effective until approved by one of our officers. This approval must be noted on or attached to this policy. No agent may change this policy or waive any of its provisions.

Georgia law is clear that when a party alleges fraudulent inducement, he must either affirm the contract and sue for breach or rescind the contract and sue in tort for fraud. *Mitchell v. Head,* 195 Ga.App. 427, 394 S.E.2d 114 (1990). "If the defrauded party has not rescinded but has elected to

affirm the contract, he is relegated to a recovery in contract and the merger clause will prevent his recovery." *Potomac Leasing Co. v. Thrasher*, 181 Ga.App. 883, 886, 354 S.E.2d 210 (1987). Since the plaintiff has elected to affirm the insurance policies, he may not now sue for fraud.

The plaintiff argues that he is not bound by the merger clause, since a party may sue for fraud, despite the existence of a merger clause, when the fraudulent representations are contained within the four corners of the contract itself. The plaintiff's reliance on *Smiley v. S & J Investments, Inc.* 2003 WL 1405163 (March 21, 2003), *Conway v. Romarion*, 252 Ga.App. 528, 557 S.E.2d 54 (2001, and *Fann v. Mills*, 248 Ga.App. 460, 546 S.E.2d 853 (2001), is misplaced. Both *Smiley* and *Conway* dealt with misrepresentations made in Disclosure Statements that were later incorporated into sales contracts. *Fann* concerned misrepresentations in a termite letter which was required by the sales contract. Those situations are very different from the plaintiff's case, where he alleges misrepresentations prior to purchasing the policies.

■ To come within the "four corners" doctrine, the plaintiff contends that there are misrepresentations actually within the policies. However, these "misrepresentations" are simply the general representations in all insurance policies, *viz.*, if the insured meets the definitions of the policies, he will obtain insurance benefits. According to the plaintiff, since the defendant did not pay his claims, the defendant has misrepresented its willingness to pay under the policies. Accepting the plaintiff's theory of misrepresentations within the four corners of the policies would convert every failure-to-pay claim into a fraud claim. That is a leap which this court is unwilling to make.

For the foregoing reasons, the defendant's motion to dismiss Count II of the plaintiff's complaint is GRANTED.

■ The plaintiff recognizes that he cannot recover punitive damages for his breach of contract claim. "Plaintiff does not seek punitive damages for Provident's breach of its contract with plaintiff, but rather for the fraudulent representations made by Provident in the disability policies." Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss at 24. Because the court has dismissed the plaintiff's fraud claim, it necessarily follows that his claim for punitive damages must also be dismissed. Therefore, the defendant's motion to dismiss Count IV of the plaintiff's complaint is GRANTED.