A09A0662. SERCHION v. CAPSTONE PARTNERS, INC. et al.
(679 SE2d 40)

BLACKBURN, Presiding Judge.
In this suit to recover land, William Serchion appeals the trial court's order granting summary judgment against him and in favor of defendants Capstone Partners, Inc. and JMC Holdings, LLC. He

---

complains that the trial court erred in applying a four-year statute of limitation against him in his claim to recover his land that defendants obtained by allegedly making fraudulent representations to him. Although we agree with Serchion that the four-year statutes of limitation found in OCGA §§ 9-3-30 and 9-3-31 did not apply to bar all his claims, we hold that no admissible evidence showed that either defendant made any misrepresentations to Serchion or his agent. Therefore, as this latter ground was raised and argued below, we affirm the trial court's order as right for any reason.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the evidence shows that in September 2001, Serchion agreed to sell certain property to Capstone Partners for $240,000, which agreement was superseded by a January 2002 agreement in which Serchion agreed to sell that same property to JMC Holdings (an affiliate of Capstone) for $290,000 less $50,000 for repairs to be performed by JMC. On February 26, 2002, Serchion executed a deed conveying two parcels of land to JMC Holdings in exchange for $290,000 (less the $50,000 repair amount). However, based on conversations with the real estate agent who represented him in the matter, Serchion (who could not read) believed that he was conveying only one of the parcels to JMC, not both. By early March 2002, Serchion came to realize that he had actually conveyed both parcels, and he sent a letter to Capstone Partners on March 11, 2002, complaining that he had been defrauded. He then executed an affidavit on April 25, 2002, setting forth his allegations that he had been tricked into conveying both parcels, which affidavit was recorded in the real estate records on June 17, 2002.

On April 3, 2007, Serchion filed an action against Capstone Partners and JMC Holdings to cancel the allegedly fraudulent deed, to recover the second parcel, and to recover damages. Capstone and JMC moved for summary judgment, arguing that the applicable statute of limitation had run and further that no evidence showed any misrepresentations by Capstone or JMC. Characterizing the complaint as purely an action to recover damages for fraud or fraud in the inducement, the trial court granted summary judgment on the ground that under OCGA § 9-3-31, such claims must be brought

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

within four years of the date the injury was discovered, which four years expired no later than March 11, 2006. Serchion appeals.

1. Serchion contends that the trial court erred in applying OCGA § 9-3-31 to all of his claims, as at least one of those claims sought to cancel the deed and to recover the property on grounds of fraud. We agree that under Georgia law, an action to cancel a deed and to recover property is subject to an equitable seven-year limitation. See *Jones v. Dykes*[2] ("Georgia law recognizes an equitable seven-year limit on suits for cancellation of deeds").

Indeed, "[b]y a long line of decisions of [the Supreme Court of Georgia,] it is established beyond question that an action . . . seeking the cancellation of an alleged fraudulent deed, must be brought within seven years from the time the fraud became known." *Shirley v. Mulligan*.[3] See *Poore v. Poore*[4] ("in suits to recover land, when fraud is charged, it has been held that the period of limitations applicable to an action for the fraud is the same as that which would apply to an action for the land, to wit[,] seven years from the discovery of the fraud") (punctuation omitted); *Jones v. Johnson*[5] ("[t]he period of limitation applicable to an action for fraud in procuring the title to land is the same as that which would apply to an action for the land, to wit, seven years from the discovery of the fraud").

The error committed by the trial court here was the characterization of Serchion's entire action as merely one to recover damages for fraud. This was inaccurate. Repeatedly alleging that the deed was defective as fraudulently obtained, the complaint in Count 4 requested that the court exercise its equitable powers to force defendants "to deliver up the original of said purported deed and [that] a judgment be entered directing the cancellation thereof" and contained a prayer at the end "[t]hat said Defendants be required by decree of this court to deliver up the original of said purported deed and a judgment be entered canceling the same as a cloud upon Plaintiff's Title. . . ." Only Counts 1 through 3 sought damages caused by the alleged fraud or fraudulent inducement, which claims were subject to either the four-year statute of limitation found in OCGA § 9-3-30 or the four-year statute of limitation found in OCGA § 9-3-31. See *Forester v. McDuffie*[6] ("[a]n action for fraud and deceit for shortage in acreage of land must be brought within four years after the right of action accrues, pursuant to the four-year

---

[2] *Jones v. Dykes*, 231 Ga. App. 110, 111 (1) (497 SE2d 828) (1998).
[3] *Shirley v. Mulligan*, 202 Ga. 746, 749 (2) (44 SE2d 796) (1947).
[4] *Poore v. Poore*, 210 Ga. 371, 372 (80 SE2d 294) (1954).
[5] *Jones v. Johnson*, 203 Ga. 282, 283 (46 SE2d 484) (1948).
[6] *Forester v. McDuffie*, 189 Ga. App. 359, 359 (1) (375 SE2d 488) (1988).

period of limitation for damages to realty as set forth in OCGA § 9-3-30"); *Kerce v. Bent Tree Corp.*[7] ("[a] suit alleging fraudulent inducement in the purchase of property is an action for injury to property, and the four-year statute of limitation contained in OCGA § 9-3-31 . . . is applicable"). However, where the action also seeks equitable relief such as recovery of the property or cancellation of the deed, then our court has been careful to distinguish such claims as being subject to a seven-year limitation period. See *Phipps v. Wright*.[8]

Serchion maintains that as to the claims in Counts 1 through 3 to recover damages, OCGA § 9-3-96 would apply to toll the running of the limitation period. However, even assuming that defendants had engaged in fraud to deter Serchion from bringing the fraudulent inducement action, we note that under OCGA § 9-3-96, the time was only tolled until "the time of the plaintiff's discovery of the fraud." The evidence is undisputed that by March 11, 2002, Serchion became aware that both parcels had been conveyed to JMC, not just one. Thus, the four years would have run from this date and had long since expired when Serchion filed his action in April 2007.

Accordingly, as to Counts 1 through 3, which sought to recover money damages for fraud or fraudulent inducement, the trial court correctly granted summary judgment to defendants on these claims on the ground of the statute of limitation. But the court erred to the extent that it entered summary judgment on statute-of-limitation grounds on Count 4, which sought to recover the land and to cancel the deed, as the seven years applicable to this equitable claim would not have run until 2009.

2. Nevertheless, as discussed below, Serchion presented no admissible evidence showing any misrepresentations by any of the defendants, the lack of which defeated the claim of fraud. Without a showing of fraud, Serchion had no basis for asking the court to cancel the deed. Accordingly, under the rule that we will affirm a summary judgment if the court is right for any reason (assuming that reason was argued below), we affirm the summary judgment here. See *Hunt v. Thomas*[9] ("[a] grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. It is the grant itself that is to be reviewed for error, and not the analysis employed") (punctuation omitted).

"The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain

---

[7] *Kerce v. Bent Tree Corp.*, 166 Ga. App. 728, 729 (305 SE2d 462) (1983).

[8] *Phipps v. Wright*, 28 Ga. App. 164, 166-167 (110 SE 511) (1922) (on motion for rehearing).

[9] *Hunt v. Thomas*, 296 Ga. App. 505, 508 (2) (675 SE2d 256) (2009).

from acting, justifiable reliance by plaintiff, and damage to plaintiff." (Punctuation omitted.) *Stiefel v. Schick*.[10] Here, however, Serchion testified in his deposition that he had never spoken with or had any communications from any representatives of either of the defendants prior to or at the closing of the transaction; rather, his exclusive source of information on the deal was his own real estate agent. He did not overhear or observe any communications between his real estate agent and any agents of the defendants. Because he presented no affidavits or other testimony from his own agent (or from others) as to what communications or representations his agent may have received from agents of the defendants, he presented no admissible evidence as to what those communications or representations were. See *White Missionary Baptist Church v. Trustees of First Baptist Church &c.*.[11] (hearsay cannot be considered on summary judgment); *Atlanta Glass, Inc. v. Tucker*[12] (hearsay inadmissible on summary judgment).

In addition to statute-of-limitation grounds, Capstone and JMC moved for summary judgment below on the ground that no evidence showed that defendants made any misrepresentations to Serchion that he relied upon and that would form the basis for the fraud underlying his request to cancel the deed. Serchion failed to submit any admissible evidence to refute this argument. Under the "right for any reason" rule, the court correctly granted summary judgment to defendants on Serchion's claims seeking to cancel the deed and recover the land, as this claim was based on an assertion of fraud that he failed to substantiate in response to a challenge from defendants. See *Lau's Corp. v. Haskins*[13] (when the defendant moving for summary judgment points out the absence of evidence on an essential element of plaintiff's case, plaintiff "must point to specific evidence giving rise to a triable issue"; failure to do so will result in summary judgment to the defendant).

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED MAY 4, 2009 —
RECONSIDERATION DENIED MAY 21, 2009 — 

William Serchion, *pro se.*

---

[10] *Stiefel v. Schick*, 260 Ga. 638, 639 (1) (398 SE2d 194) (1990).
[11] *White Missionary Baptist Church v. Trustees of First Baptist Church &c.*, 268 Ga. 668, 669 (1) (492 SE2d 661) (1997).
[12] *Atlanta Glass, Inc. v. Tucker*, 291 Ga. App. 760, 762 (663 SE2d 272) (2008).
[13] *Lau's Corp. v. Haskins*, 261 Ga. 491, 491 (405 SE2d 474) (1991).

*Morris, Manning & Martin, William J. Sheppard, Hartman, Simons, Spielman & Wood, Kristen A. Yadlosky*, for appellees.