[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10712
Non-Argument Calendar

_____

D. C. Docket No. 1:11-cv-00752-AT


DALE M. IRVING,

Plaintiff-Appellant,

versus

BANK OF AMERICA,
f.k.a. Countrywide Home Loans,
and all corporate entities operating as
subsidies or assignees of Bank of America
and/or Countrywide Home Loans,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 19, 2012)


Before JORDAN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Dale Irving -- proceeding pro se -- appeals the district court's grant of Defendants' motion to dismiss.  No reversible error has been shown; we affirm

BACKGROUND

Plaintiff's pro se complaint included facts and allegations related to the loss in value of a Georgia property Plaintiff purchased with a mortgage and security note obtained from what is now a part of Bank of America, N.A. (together with BAC Home Loans Servicing, LP, "the Defendants").[1]  Based on the facts in the complaint, Plaintiff raised claims for breach of the implied contractual duty of good faith and fair dealing, for fraud, and also a derivative claim for punitive damages.[2]

---

[1]Plaintiff initially filed this action in the Superior Court of Gwinnett County, Georgia.  A short time later, the action was properly removed to the United States District Court for the Northern District of Georgia.

[2]Plaintiff's pro se complaint may include additional claims, but other claims have since been abandoned.  See United States v. Jernigan, 341 F.3d 1273, 1283 n. 8 (11th Cir. 2003).  It is only because we treat pro se filings with leniency that we choose to address Plaintiff's fraud claim; a claim Plaintiff did not press before the district court in his response to Defendants' motion to

2

Briefly stated, Plaintiff's complaint alleged that Defendants caused a large drop in the value of the pertinent property -- a loss large enough to make the property worth less than the value of the purchase loan -- by engaging in aggressive home loan practices that later resulted in a waive of foreclosures and a national housing crisis.  Plaintiff makes no allegations of an unfair or aggressive lending practice being committed in the issuance of his particular loan.  Instead, he alleges that Defendants caused his home to lose value when Defendants engaged in the identified practices in dealings with other borrowers in Georgia and across the country.

The district court granted Defendants' motion to dismiss, with prejudice. The district court noted in particular that Plaintiff had not sufficiently identified a cognizable breach of contract or how the identified lending practices were a proximate cause of the decline in value of Plaintiff's property in particular.

## STANDARD OF REVIEW

We review a district court's dismissal of a case pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. Catron v. City of St. Petersburg, 658 F.3d 1260,

---

dismiss.

1264 (11th Cir. 2011). We review a district court's refusal to grant leave to amend a complaint for abuse of discretion, but we review the legal conclusion that amendment would be futile de novo. Harris v. Ivax Corp., 182 F.3d 799, 802 (11th Cir. 1999).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). To state a plausible claim for relief, Plaintiffs must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and so must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## DISCUSSION

As the district court correctly noted under Georgia law, a claim for breach of the duty of good faith and fair dealing cannot stand as an independent cause of action apart from an underlying claim for breach of contract. See, e.g., Onbrand Media v. Codex Consulting, Inc., 687 S.E.2d 168, 174 (Ga Ct. App. 2009); Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414, 1429 (11th Cir. 1990).

4

Plaintiff has identified no breach of a contractual provision in this case. Instead, Plaintiff proposes that a requirement be read into the pertinent contractual terms like this one: Defendants must act to preserve the value of the property. Absent the identification of an actual, specific contractual provision that was breached in this case (or case law specifically supporting the reading of some implied contractual duty of valuation preservation into the pertinent contractual terms), Plaintiff's complaint does not contain sufficient factual matter (even when accepted as true) to state a breach of the duty of good faith and fair dealing claim that is plausible on its face.

In Georgia, "[t]he tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by the plaintiff, and damage to the plaintiff." Baxter v. Fairfield Fin. Servs., Inc., 704 S.E.2d 423, 429 (Ga. Ct. App. 2010) (quoting Serchion v. Capstone Partners, Inc., 679 S.E.2d 40, 43 (Ga. Ct. App. 2009). Concealment of material information can support a fraud claim, but a party can only be held liable under such a theory if the party has a duty to disclose or communicate the material information. See Id. Georgia courts have specifically noted that no such duty generally exists between a lender and a borrower in a

5

mortgage transaction. <u>See</u>, <u>e.g.</u>, <u>Id.</u>; <u>Arp v. United Cmty. Bank</u>, 612 S.E.2d 534, 538 (Ga. Ct. App. 2005).

Plaintiff has failed to identify with particularity a materially false representation made by Defendants or a valid ground upon which the Defendants could be held liable for concealing material information.  Absent the proper identification of a false representation made by Defendants,  Plaintiff's complaint does not contain sufficient factual matter, accepted as true, to state a fraud claim that is plausible on its face.

Absent a sufficiently-pleaded underlying tort, Plaintiff's derivative claim for punitive damages must also be dismissed.  <u>See</u>, <u>e.g.</u>, <u>Lilliston v. Regions Bank</u>, 653 S.E.2d 306, 311 (Ga. Ct. App. 2007); <u>Mann v. Taser Int'l, Inc.</u>, 588 F.3d 1291, 1304 (11th Cir. 2009).

On the facts of this case, it was not error for the district court to deny Plaintiff leave to amend his complaint; amendment would be futile.

AFFIRMED.